# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TES FRANCHISING, LLC, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| vs. | : | NO. 10-0017 |
| J. ERIC DOMBACH, et al., | : | |
| Defendants, | : | |
| vs. | : | |
| TERRY POWELL, et al., | : | |
| Additional Defendants. | : | |

HENRY S. PERKIN  NOVEMBER 29, 2010
UNITED STATES MAGISTRATE JUDGE

## MEMORANDUM

Presently before the Court is the Motion for Leave to File a Third Amended Complaint by the Plaintiffs and the Opposition thereto by Defendants. Plaintiffs seek leave to file a revised complaint adding a claim for misappropriation of trade secrets and violation of the Pennsylvania Uniform Trade Secrets Act, against Defendants J. Eric Dombach ("Dombach") and Business Action, Inc. ("BAI"). For the following reasons, the Motion for Leave to File a Third Amended Complaint will be granted.

## I. PROCEDURAL BACKGROUND.

On January 4, 2010, Plaintiffs filed their complaint, which included a claim for misappropriation of trade secrets in violation of the Pennsylvania Uniform Trade Secrets Act ("PUTSA"). Also on January 4, 2010, Plaintiffs also filed a Motion for Preliminary Injunction based on their trade secrets claim, alleged breaches of non-disclosure and confidentiality

agreements, and Dombach's alleged breach of his duty of loyalty.  On January 25, 2010, Defendants filed a motion to dismiss, contending that the PUTSA claim should be dismissed because Plaintiffs: (1) failed to assert who owned the misappropriated trade secret; and (2) failed to plead sufficient facts that the information allegedly misappropriated constituted trade secrets.

On February 8, 2010, Plaintiffs served Defendants with a Request for Documents including Defendants' "secret vault" of documents referred to on the www.mycoachescoach.com website.  Plaintiffs filed an Amended Complaint on February 16, 2010 and did not include a PUTSA claim in the Amended Complaint.  Similarly, Plaintiffs did not contend in their Amended Motion for Preliminary Injunction that misappropriation under PUTSA was a basis for Plaintiffs' injunction.  On February 22, 2010, Plaintiffs received Defendants' responsive documents to the Request for Documents propounded on February 8, 2010, and the responses numbered over 9000 documents, including a copy of an internet security front page to download a "plug-in" to open a document entitled "The Ultimate Business Coaching Bible."

On May 18, 2010, when Plaintiffs' counsel was preparing for the third day of the preliminary injunction hearing, she requested and received a copy of "The Ultimate Business Coaching Bible" from Defendants' counsel.  Upon review of "The Ultimate Business Coaching Bible," Plaintiffs found that copyrighted material and confidential and proprietary trade secrets in the form of the AdviCoach® Confidential Operations Manual had been copied into "The Ultimate Business Coaching Bible."  Dombach testified on May 24, 2010 that he had incorporated the entire AdviCoach® Confidential Operations Manual into "The Ultimate Business Coaching Bible."

Following Dombach's testimony on May 24, 2010, Plaintiffs' counsel verbally

notified Defendants' counsel of her intention to amend the complaint to include a claim for Dombach's misappropriation. On May 28, 2010, Plaintiffs' counsel contacted Defendants' counsel seeking consent to amend the Amended Complaint to add claims for misappropriation of trade secrets under the PUTSA and copyright infringement. Defendants denied consent on June 2, 2010. Plaintiffs filed a motion for leave to file a Second Amended Complaint on June 2, 2010, seeking injunctive relief including a preliminary and permanent injunction on Plaintiffs' trade secrets claim. Defendants filed a memorandum of law in opposition on June 21, 2010, arguing that both of Plaintiffs' proposed claims were futile and Defendants would be unduly prejudiced by permitting Plaintiffs to file their Second Amended Complaint. Following review of Defendants' opposition, Plaintiffs' counsel realized that she erred in inclusion of a copyright infringement claim in the Second Amended Complaint, and filed a Notice of Withdrawal of the Motion to File the Second Amended Complaint on June 28, 2010. Also on June 28, 2010, Plaintiffs' counsel filed the instant Motion seeking leave of Court to file a Third Amended Complaint including a claim for misappropriation of trade secrets and violation of the PUTSA. Defendants oppose this Amendment because they contend that the proposed new trade secrets claim is futile and they will be unduly prejudiced if Plaintiffs are granted leave to file their Third Amended Complaint.

## II.     STANDARD OF REVIEW.

"[A] party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Amendments, although liberally granted, rest within the sound discretion of the trial court under Fed. R. Civ. P. 15." Kolar v. Preferred Real Estate Investments, Inc., 361 Fed.

Appx. 354, 367 (3d Cir. 2010)(quoting Massarsky v. Gen. Motors. Corp., 706 F.2d 111, 125 (3d Cir.1983)).  Courts "have shown a strong liberality . . . in allowing amendments under Rule 15(a)." ScanSource, Inc. v. Datavision-Prologix, Inc., CIV.A. No. 04-4271, 2009 WL 973497, *1 (E.D. Pa. Apr. 8, 2009)(quoting Bechtel v. Robinson, 886 F.2d 644, 652 (3d Cir. 1989) (citing Heyl & Patterson Int'l, Inc. v. F.D. Rich Housing, 663 F.2d 419, 425 (3d Cir. 1981), cert. denied, 455 U.S. 1018, 102 S. Ct. 1714, 72 L. Ed.2d 136 (1982)).  However, "the policy favoring liberal amendment of pleadings is not . . . unbounded." Id. (quoting Dole v. Arco Chem. Co., 921 F.2d 484, 486-87 (3d Cir. 1990)).  In applying Rule 15(a), the Third Circuit has held that "[a] district court may deny leave to amend a complaint if a plaintiff's delay in seeking amendment is undue, motivated by bad faith, or prejudicial to the opposing party." Id. (quoting Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272-73 (3d Cir. 2001)(citing Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed.2d 222 (1962))).

The Third Circuit has further instructed that "prejudice to the non-moving party is the touchstone for the denial of the amendment." Id. at *2(quoting Bechtel, 886 F.2d at 652 (citing Cornell & Co. v. Occupational Safety and Health Rev. Comm'n, 573 F.2d 820, 823 (3d Cir. 1978))).  "A mere claim of prejudice is not sufficient; there must be some showing that [the non-moving party] was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely." Id. (quoting Dole, 921 F.2d at 488 (internal citations omitted)).

## III.   DISCUSSION.

Plaintiffs contend that justice requires granting leave to file a Third Amended Complaint because failure to grant leave to amend to include a claim for the misappropriation of

4

confidential and proprietary trade secrets will result in Defendants' continuing misuse of the Franchisor Plaintiffs' property and Plaintiffs' confidential trade secrets and Dombach's continued publication of the AdviCoach® Confidential Operations Manual.

Plaintiffs also argue that failure to grant leave would require that Plaintiffs file a second lawsuit against Dombach to prevent the continued misappropriation of copyrighted property and confidential trade secrets, thereby unnecessarily increasing costs to the Franchisor Plaintiffs to simultaneously prosecute two matters.

Defendants contend, in response, that Plaintiffs' assertion that they did not learn of Defendants' alleged misappropriation of trade secrets until May 18, 2010 is belied by Plaintiffs' misappropriation claim in their January, 2010 complaint and Defendants' February 22, 2010 production of the document on which Plaintiffs' new trade secrets claim is purportedly based. Defendants also argue that Plaintiffs' misappropriation of trade secrets claim cannot withstand a motion to dismiss because Plaintiffs fail to plead sufficient facts to adequately identify the alleged trade secrets or establish a plausible claim that the allegedly misappropriated information constitutes trade secrets. Thus, Defendants contend that Plaintiffs' Third Amended Complaint would be futile and this Court should deny the requested leave to file the Complaint.

A trade secret is defined under the PUTSA as:

"Trade secret." Information, including a formula, drawing, pattern, compilation including a customer list, program, device, method, technique or process that:

(1) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use.

(2) Is the subject of efforts that are reasonable under the

circumstances to maintain its secrecy.

12 Pa. C.S.A. § 5302; see also Bimbo Bakeries USA, Inc. v. Botticella, 613 F.3d 102, 109 (3d Cir. 2010)(citing Rohm and Haas Co. v. Lin, 992 A.2d 132, 143 n.4 (Pa. Super. 2010) ("A trade secret may consist of any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it.") (internal citation omitted)). Misappropriation includes:

> (1) acquisition of a trade secret of another by a person who knows or has reason to know that the trade secret was acquired by improper means; or
>
> (2) disclosure or use of a trade secret of another without express or implied consent by a person who:
>
>> (i) used improper means to acquire knowledge of the trade secret;
>>
>> (ii) at the time of disclosure or use, knew or had reason to know that his knowledge of the trade secret was:
>>
>>> (A) derived from or through a person who had utilized improper means to acquire it;
>>>
>>> (B) acquired under circumstances giving rise to a duty to maintain its secrecy or limit its use; or
>>>
>>> (C) derived from or through a person who owed a duty to the person seeking relief to maintain its secrecy or limit its use; or
>>
>> (iii) before a material change of his position, knew or had reason to know that it was a trade secret and that knowledge of it had been acquired by accident or mistake.

Id. Pennsylvania courts look to the following factors to determine whether information is protected as a trade secret: (1) the extent to which the information is known outside of the company's business; (2) the extent to which the information is known by employees and others

involved in the company's business; (3) the extent of the measures taken by the company to guard the secrecy of the information; (4) the value of the information to the company and its competitors; (5) the amount of effort or money the company spent in developing the information; and (6) the ease or difficulty with which the information could be acquired or duplicated legitimately by others. Bimbo Bakeries USA, Inc., 613 F.3d at 109 (citing Crum v. Bridgestone/Firestone North Am. Tire, LLC, 907 A.2d 578, 585 (Pa. Super. 2006)). "The PUTSA displaced Pennsylvania's common law tort for misappropriation of trade secrets, but there is no indication that the statute effected a substantive shift in the definition of 'trade secret.'" Id. at 109 n.7 (quoting Youtie v. Macy's Retail Holding, Inc., 626 F. Supp.2d 511, 522 n.10 (E.D. Pa. 2009)).

In Plaintiffs' proposed Third Amended Complaint, they aver:

> 28. Franchisor Plaintiffs are the owners of franchise systems offering various business coaching franchise opportunities and have created proprietary franchise systems using formulas, programs, lists, devises, methods, techniques and processes for the operation of those franchised businesses (the "Systems").
>
> 29. Each Franchisor Plaintiff memorializes its Systems in Confidential Operations Manuals for the brand Systems.
>
> 30. All Franchisor Plaintiffs utilize Confidential Operations Manuals substantially similar, and in many respects, identical, to the AdviCoach® Confidential Operations Manuals. Exhibit 34.
>
> 31. The confidential operations manuals contain the entire methodology use [sic] by franchisees within the systems [sic] for the operation of their franchised businesses.
>
> 32. TES Franchising, LLC and AdviCoach® Franchising, LLC are the co-owners of the AdviCoach Confidential Operations Manual.
>
> 33. Franchisor Plaintiffs, and the Diverse Sub Class and PA Class Plaintiffs derive independent economic value from the information and trade secrets

> contained in the Confidential Operations Manuals owned by Franchisor Plaintiffs; Franchisor Plaintiffs through the offer and award of franchises to individuals interested in obtaining the right to use the System [sic] and the Diverse Sub Class and PA Class through the application of the trade secrets contained in the Confidential Operations Manuals in their independently owned franchised businesses.
>
> 34. Franchisor Plaintiffs provide the Confidential Operations Manuals to those individuals who enter into franchise agreements with the Franchisor Plaintiffs, all of which contain confidentiality covenants.
>
> 35. Franchisor Plaintiffs do not publish the Confidential Operations Manuals to individuals outside their Systems.
>
> 36. Franchisor Plaintiffs restrict access to their Confidential Operations Manuals to employees and individuals subject to confidentiality and/or non-disclosure agreements.
>
> 37. Franchisor Plaintiffs identify the Confidential Operations Manuals as confidential by marking Confidential Operations Manuals as "Confidential" and requiring that franchisees who receive the Confidential Operations Manuals sign a receipt stating that the Operations Manual is Confidential.
>
> 38. Defendant Dombach assisted in the writing of the AdviCoach® Confidential Operations Manual, which contains substantially similar, and in many respects identical information, to the other Franchisor Plaintiffs' Operations Manuals, while he was a paid employee of TES Franchising, LLC and as part of his work-related job duties.
>
> 39. Defendant Dombach had access to the Confidential Operations Manuals of Franchisor Plaintiffs solely in his capacity as an employee of TES Franchising, LLC.
>
> 40. Defendant Dombach was advised of his duty to protect confidential and proprietary information and trade secrets of the Franchisor Plaintiffs in the Employee Handbook he received upon employment.

Third Am. Compl., pp. , ¶¶ 28-40. In the Third Amended Complaint at Count IX, Plaintiffs allege:

> 279. As a paid employee of TES, Defendant Dombach had access to Franchisor

> Plaintiff's [sic] trade secrets.
>
> 281. Defendant Dombach's work-related activities while a paid employee were work product and work for hire owned by the Franchisor Plaintiffs for which work was conducted.
>
> 282. Since on or about November 2008, Defendants Dombach and BAI have misappropriated and transmitted, communicated, disclosed and/or utilized Franchisor Plaintiffs' trade secrets and confidential information for their own benefit through improper means and without the consent of Franchisor Plaintiffs.
>
> 283. By virtue of the misappropriation of Franchisor Plaintiff's [sic] trade secrets (including without limitation confidential and proprietary information, formulas, patterns, systems, programs, methods and technologies) Defendant Dombach and BAI have violated the Pennsylvania Uniform Trade Secrets Act, 12 Pa. C.S.A. § 5302.

Third Am. Compl., p 58.

Plaintiffs contend that Defendants will not be prejudiced by allowance of the proposed Third Amended Complaint because discovery has not commenced and Defendants will have a full opportunity to investigate the amended claims against them. Plaintiffs also argue that Defendants have not suffered any undue delay or been the victims of bad faith because Plaintiffs were unaware of the misappropriation of their copyrights and trade secrets until May 18, 2010 and Plaintiffs provided notice of their expectation to request leave to file the Second Amended Complaint on May 28, 2010. Plaintiffs contend that their promptness in moving to amend has not delayed any process or prejudiced Defendants. Plaintiffs also contend that the proposed Amendment is not futile and the validity of the PUTSA claim is supported by Dombach's admission during the Preliminary Injunction Hearing that he copied the AdviCoach® Confidential Operations Manual which was labeled confidential and the copyrighted property of AdviCoach Franchising, LLC.

Defendants respond that Plaintiffs' proposed Third Amended Complaint, if permitted by this Court, will result in undue prejudice to Defendants because it appears that Plaintiffs are asking the Court to grant them injunctive relief under a trade secrets theory based on evidence from the three day long preliminary injunction hearing. They note that the Amended Complaint and the Amended Motion for Preliminary Injunction were the operative pleadings during the preliminary injunction hearing and Plaintiffs did not assert a claim for misappropriation of trade secrets in either of those pleadings. Defendants note that Plaintiffs alternatively appear to ask the Court to commence a new preliminary injunction hearing. If Plaintiffs are asking the Court to rely on the current record to award injunctive relief on their proposed new trade secrets claim, Defendants contend that they have been prevented by the Plaintiffs' delay in submitting evidence and offering testimony to refute that new claim and are therefore prejudiced.

On November 17, 2010, I held a telephone conference with counsel and discussed, in part, a meet and confer between counsel for Plaintiffs and Defendants regarding the issues surrounding Plaintiffs' Motion for Leave to File the Third Amended Complaint. Counsel agreed to confer and report back to this Court on their progress. Thus, leave will be granted to Plaintiffs to file a Third Amended Complaint within twenty-one (21) days. This Court expects that counsel for the parties shall confer in an attempt to resolve the issues and it is anticipated that Plaintiffs' counsel will remove any objectionable portions of the proposed Third Amended Complaint which may trigger a motion by the Defendants to dismiss pursuant to <u>Ashcroft v. Iqbal</u>, 129 S.Ct. 1927 (2009) and <u>Bell Atlantic v. Twombly</u>, 550 U.S. 544 (2007).

An appropriate Order follows.