# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| TES FRANCHISING, LLC, et al., | : | CIVIL ACTION |
| Plaintiffs, | : | |
| vs. | : | NO. 10-0017 |
| J. ERIC DOMBACH, et al., | : | |
| Defendants, | : | |
| vs. | : | |
| TERRY POWELL, et al., | : | |
| Additional Defendants. | : | |

HENRY S. PERKIN  
UNITED STATES MAGISTRATE JUDGE

DECEMBER 9, 2010

## MEMORANDUM

Presently before the Court is the Motion to Dismiss the Amended Joinder Complaint filed by Additional Defendants Decor & You, Inc. ("D&Y") and Terry Powell ("Mr. Powell") on April 30, 2010 (Document No. 51). The Amended Joinder Complaint subject to the instant Motion includes the following claims: (1) Infringement of Copyright in Violation of the Copyright Act, 17 U.S.C. § 101 et seq. against D&Y and Does 1 through 500 (Count I); (2) Breach of Contract against Mr. Powell (Count II), (3) Violation of the Pennsylvania Wage Payment and Collection Law, 43 P.S. § 260.1, et seq. against Mr. Powell (Count III); and (4) Promissory Estoppel against Mr. Powell (Count IV). For the following reasons, the Motion to Dismiss will be denied without prejudice.

## I. PROCEDURAL BACKGROUND.

On March 10, 2010 original Defendant/Joinder Plaintiff J. Eric Dombach ("Mr.

Dombach") filed a Joinder Complaint seeking injunctive, compensatory and punitive damages and other relief against Mr. Powell, D&Y and John Does 1 through 500.  See Document No. 40.  On April 19, 2010, Mr. Dombach filed an Amended Joinder Complaint against Mr. Powell, D&Y and John Does 1 through 500.  See Document No. 48.  On April 30, 2010, D&Y and Mr. Powell filed the instant Motion to Dismiss the Amended Joinder Complaint of J. Eric Dombach challenging jurisdiction and the legal sufficiency of the claims against them.  See Document No. 51.  On May 17, 2010, Mr. Dombach filed his Response to the Motion to Dismiss.  See Document No. 55.

## II.    STANDARD OF REVIEW.

### A.    Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(2).

A defendant has the initial burden of raising the defense of lack of personal jurisdiction.  Potts v. Harrah's Atl. City Hotel & Casino, No. CIV.A. 06-5422, 2007 WL 1866750, *1 (E.D. Pa. June 28, 2007)(citing Fed. R. Civ. P. 12(h)(1) and Walsh v. Alarm Sec. Grp, Inc., 157 F. Supp.2d 501, 504 (E.D. Pa. 2001)).  Once the defendant raises the jurisdictional defense, the plaintiff bears the burden of demonstrating personal jurisdiction over the defendants.  Miller v. Yacht Sales, Inc. v. Smith, 384 F.3d 93, 97 (3d Cir. 2004)(citing Pinker v. Roche Holdings Ltd., 292 F.3d 361, 368 (3d Cir. 2002).  If a jurisdictional defense is raised and neither discovery nor an evidentiary hearing has been held, a plaintiff need only make a prima facie showing of personal jurisdiction and courts must construe all facts in the light most favorable to the non-moving party.  Id.  Plaintiffs cannot rely on general averments in the complaint or unsupported statements in their response, but must instead provide jurisdictional facts supported by affidavits or competent evidence to sustain their burden.  Time Share Vacation Club v. Atl.

Resorts, Ltd., 735 F.2d 61, 66 n.9 (3d Cir. 1984). Plaintiffs' burden is met "by establishing with reasonable particularity sufficient contacts between the defendant and the forum state." Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino, 960 F.2d 1217, 1223 (3d Cir. 1992)(citations and quotations omitted). Generally, a plaintiff must submit "sworn affidavits or other competent evidence" to meet this burden. Potts, 2007 WL 1866750, at *1 (citing North Penn Gas Co. v. Corning Natural Gas Corp., 897 F.2d 687, 689 (3d Cir. 1990)(citation omitted)).

**B.     Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6).**

A motion to dismiss under Rule 12 (b)(6) of the Federal Rules of Civil Procedure examines the legal sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). The motion to dismiss standard has been the subject of recent examination, culminating with the United States Supreme Court opinion Ashcroft v. Iqbal, 129 S.Ct. 1927 (2009). Following Iqbal, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements do not suffice" to defeat a Rule 12 (b)(6) motion to dismiss. Id. at 1949; see also Bell Atl. v. Twombly, 550 U.S. 544 (2007). The Third Circuit Court of Appeals applied the principles of Iqbal in Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009), and articulated a two-part analysis that district courts in this Circuit must conduct in evaluating whether allegations in a complaint survive a 12 (b)(6) motion to dismiss.

First, the factual and legal elements of a claim should be separated, meaning "a District Court must accept all of the complaint's well-pleaded facts as true, but may disregard legal conclusions." Id. at 210-11. Second, the Court must determine whether the facts alleged in the complaint demonstrate that the plaintiff has a "plausible claim for relief." Id. at 211. A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an

3

entitlement with its facts.  Id. (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).  "Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'shown' that the pleader is entitled to relief."  Iqbal, 129 S.Ct. at 1950; Jones v. ABN Amro Mortg. Grp, Inc., 606 F.3d 119, 123 (3d Cir. 2010).  The Supreme Court explained that deciding whether a "complaint states a plausible claim for relief will . . . be a context specific task that requires the reviewing court to draw on its judicial experience and common sense."  Iqbal, 129 S.Ct. at 1950.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Id.

When faced with a motion to dismiss for failure to state a claim, courts may consider the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim.  Lum v. Bank of Am., 361 F.3d 217, 222 n. 3 (3d Cir. 2004).  A district court may also consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.  Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993).

The Court of Appeals and several district courts have noted that the pleading standards set forth in Twombly and Iqbal apply with equal force to crossclaims, counterclaims and third party complaints.  SEPTA v. AECOM, USA, Inc., No. 10-117, slip op. (E.D. Pa. Nov. 18, 2010)(O'Neill, J.)(citing Travelers Indem. Co. v. Dammann & Co., Inc., 594 F.3d 238, 256 n.13 (3d Cir. 2010)(applying the Iqbal pleading standard to crossclaims); Rocheux Intern. of N.J.,

4

Inc. v. U.S. Merch. Fin. Gr., Inc., — F. Supp. 2d —, 2010 WL 3833733, at *6 (D. N.J. Sep. 29, 2010) (noting that Iqbal and Twombly apply to counterclaims); Simon Prop. Gr., Inc. v. Palombaro, 682 F. Supp. 2d 508, 511 (W.D. Pa. 2010) (same); Miami Valley Fair Housing Ctr. v. Steiner & Assocs., Inc., No. 08-00150, 2010 WL 2631110, at *7 (May 13, 2010) (applying Twombly and Iqbal to third party complaint); Colon v. Blades, — F.R.D.—, 2010 WL 1731666, at *2 (D.P.R. Apr. 29, 2010) (same); Mottley v. Maxim Crane Works, L.P., No. 06-78, 2010 WL 1284433, at *2 (D.V.I. Mar 26, 2010) (Bartle, C.J.) (same); Source One Global Partners, LLC v. KGK Synergize, Inc., No. 08-7403, 2009 WL 2192791, at *2 (N.D. Ill. July 21, 2009) (same)).

## III. DISCUSSION.

### A. Whether D&Y and Mr. Powell Waived Personal Jurisdiction.

In a footnote on page 10 of his Memorandum of Law in Opposition to the Motion to Dismiss, Mr. Dombach argues that D&Y and Mr. Powell arguably waived their personal jurisdiction defense by (1) serving a Rule 11 motion that did not include an objection based on personal jurisdiction; and (2) filing a motion seeking an order from the Court granting leave to file a Rule 11 motion against defendants. The Rule 11 motion included a declaration of D&Y's CEO Karen Powell. These actions were taken prior to the filing of the motion to dismiss based on lack of personal jurisdiction.

Personal jurisdiction is a right that may be waived. Bel-Ray Co. v. Chem-rite (Pty) Ltd., 181 F.3d 435, 443 (3d Cir. 1999)(quoting Ins. Corp. of Ireland, Ltd. v. Compagnie de Bauxites de Guinee, 456 U.S. 694, 703 (1982)). "A personal jurisdiction defense may be 'lost by failure to assert [it] seasonably, by formal submission in a cause, or by submission by conduct.'" KDH Elec. Sys., Inc. v. Curtis Tech. Ltd., No. CIV.A. 08-2201, 2010 WL 1047807, at *4 (E.D.

Pa. Mar. 19, 2010)(quoting <u>Neirbo Co. v. Bethlehem Shipbuilders Corp.</u>, 308 U.S. 165, 167-68 (1939)). "A party is deemed to have consented to personal jurisdiction if the party actually litigates the underlying merits or demonstrates a willingness to engage in extensive litigation in the forum." <u>Id.</u> (quoting <u>In re. Tex. E. Transmission Corp.</u>, 15 F.3d 1230, 1236 (3d Cir. 1994)). In the analysis of whether a party has waived personal jurisdiction, a court should weigh two policies: (1) the court should not place parties "in a procedural strait jacket by requiring them to possibly forego valid defenses by hurried and premature pleading" (<u>Id.</u> (quoting <u>Wyrough & Loser, Inc. v. Pelmor Labs., Inc.</u>, 376 F.2d 543, 547 (3d Cir. 1967)) and (2) the parties should conserve judicial time and effort and should raise and dispose of preliminary matters like personal jurisdiction "before the court considers the merits or quasimerits of a controversy." <u>Id.</u> (citing <u>id.</u>)

Arguably, by filing the Motion for Leave to File the Rule 11 Motion in this Court, D&Y and Mr. Powell waived their jurisdictional defense because they attempted to "actually litigate[] the underlying merits or demonstrate[] a willingness to engage in extensive litigation in the forum." <u>KDH Elec. Sys., Inc.</u>, 2010 WL 1047807, at *4. This case would arguably not have been litigated any differently had D&Y and Mr. Powell first moved for dismissal before seeking leave to file a Rule 11 motion because this Court denied the Motion for Leave to File the Rule 11 Motion without prejudice pending decision on the instant Motion to Dismiss. Thus, we find that D&Y and Mr. Powell did not waive their right to assert the jurisdictional defense.

### B. Personal Jurisdiction.

A court must make a two-part inquiry to determine whether personal jurisdiction over an out-of-state defendant is proper. First, the court must determine if the long-arm statute of the forum state would allow the courts of the forum state to exercise jurisdiction over the defendant. Potts, 2007 WL 1866750, at *2 (citing Fed. R. Civ. P. 4(e)(1)). Next, if the long-arm statute permits the forum state to exercise jurisdiction, the court must then determine if exercising personal jurisdiction over the defendant would be consistent with the Constitution's Due Process Clause. Id. (citing Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co., 75 F.3d 147, 150 (3d Cir. 1996)). Because Pennsylvania's long-arm statute's reach is co-extensive with the limits placed on the states by the Constitution, we need only address the second question, whether the exercise of personal jurisdiction conforms with the requirements of the Due Process Clause. Id. (citing Vetrotex, 75 F.3d at 150).

Due Process requires analyzing the relationship between the defendant's conduct, the forum state and the litigation, and is first satisfied if the defendant has constitutionally sufficient "minimum contacts" with the forum state. Id. (citing IMO Indus., Inc. v. Kierkert AG, 155 F.3d 254, 259 (3d Cir. 1988) and Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985)). Minimum contacts is satisfied when a defendant purposefully directs conduct toward the forum state or when a defendant purposefully avails himself of the protection of the laws of the forum state. Id. (citing Burger King, 471 U.S. at 472.) If minimum contacts are demonstrated, the next determination is whether an exercise of personal jurisdiction would comport with "traditional notions of fair play and substantial justice." Id. (citing Grand Entm't Grp. Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 482 (3d Cir. 1993)(quoting Int'l Shoe Co. v.

7

Washington, 326 U.S. 310, 316 (1945))).

Two types of personal jurisdiction exist: general and specific jurisdiction. General jurisdiction exists when a defendant has continuous and systematic contacts with the forum state, regardless of where the particular events giving rise to the litigation occurred. Id. (citing Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 n.9, 416 (1984)). To establish general jurisdiction, the plaintiff must show continuous and substantial forum affiliations by the defendant. Id. (citation omitted). Specific jurisdiction is established when the basis of the "plaintiff's claim is related to or arises out of the defendant's contacts with the forum." Pennzoil Products Co. v. Colelli & Assoc., Inc., 149 F.3d 197, 201 (3d Cir. 1998)(citations omitted). A three-part inquiry is necessary in determining whether specific jurisdiction exists. First, the defendant must have purposefully directed his activities at the forum. Marten v. Finchuam, 499 F.3d 290, 296 (3d Cir. 2007)(citing Burger King, 471 U.S. at 472)). Next, the plaintiff's claim must "arise out of or relate to" at least one of those specific activities. Id. (citing Helicopteros, 466 U.S. at 414). Finally, courts may consider other factors to ensure that the assertion of jurisdiction comports with traditional notions of fair play and substantial justice. Id. (citing Burger King, 471 U.S. at 476 and Int'l Shoe Co., 326 U.S. at 320).

D&Y and Mr. Powell argue that the Court has neither general nor specific jurisdiction over them. Once a defendant raises a jurisdictional defense, as D&Y and Mr. Powell have, the plaintiff bears the burden of coming forward with enough evidence to establish, with reasonable particularity, sufficient contacts between the defendant and the forum state. Atl. Pier Assocs., LLC v. Boardakan Rest. Partners, 647 F. Supp.2d 474, 484 (E.D. Pa. 2009)(citing Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Assoc., 819 F.2d 434, 437 (3d Cir. 1987)). "The

plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence . . . .[A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." Id. (citing Patterson v. F.B.I., 893 F.2d 595, 604 (3d Cir. 1990)). Plaintiff must respond with actual proofs, not mere allegations. Id. at 484-85 (citing id.)

D&Y states that is not incorporated in Pennsylvania as a foreign corporation, it has not consented to jurisdiction, and does not carry on a continuous and systematic part of its general business in Pennsylvania, therefore, jurisdiction is improper pursuant to 42 Pa. C.S.A. § 5301. Mem. Law in Supp. Mot. to Dismiss, p. 8. Further, D&Y states that it does not do business in Pennsylvania, does not supply services in Pennsylvania, has not committed a tort in Pennsylvania, does not have an interest in any real property in Pennsylvania, or conduct any of the other requirements of 42 Pa. C.S.A. § 5322. Id. D&Y contends that its only contact with Pennsylvania is through its activities as a franchisor in the offer and sale of franchises, and the support of franchisees and collection of royalties. Id. D&Y has one contract with an independent contractor (in the form of a franchise agreement to conduct their own interior decorating businesses using the D&Y trademark) in Pennsylvania. Id. D&Y has a total of 148 franchisees. Id., n.1. The one franchisee in Pennsylvania represents 0.67% of all its franchisees. Id. D&Y collects royalties from the franchisee in Pennsylvania. Mem. Law in Supp. Mot. to Dismiss at 8. The franchisee has been on a leave of absence from the franchise system for approximately one and a half years, but continues to pay the weekly continuing service fee of $25.00 per week for a total annual payment of $1,300. Id., n.2. The total revenue for D&Y from Pennsylvania in 2009 was $1,300, which represents 0.14% of the total revenue received by D&Y

9

in 2009.  Id. (citing Ex. 1.)

D&Y maintains an internet website that may be accessed from Pennsylvania, but does not specifically direct any advertising at Pennsylvania.  Mem. Law in Supp. Mot. to Dismiss at 8.  D&Y does not have any Regional Developers engaged in the offer or sale of franchises in Pennsylvania.  Id.  D&Y does not maintain any offices nor have any agents in Pennsylvania.  Id.  D&Y franchise agreements identify choice of law and jurisdiction solely in Connecticut.  Id.  D&Y conducts all training of franchisees in Connecticut and provides all support to franchisees from Connecticut.  Id.  D&Y contends that its activities in Pennsylvania do not meet the standard of continuous and systematic activity or minimum contacts required for imposition of general jurisdiction over D&Y, but also contends that, even assuming that D&Y was found to be doing business in Pennsylvania, none of the claims alleged by Defendants arise from the offer and sale of D&Y franchises or support of D&Y franchisees within the Commonwealth, the only activity engaged in by D&Y.  Id.

Defendants allege D&Y  "received and benefited from Mr. Dombach's copyrighted works during the time Mr. Dombach was affiliated with TES."  Am. Joinder Compl., ¶ 85.  Defendants allege that D&Y has "violated and continues to violate" the copyrights by "reproducing and distributing Mr. Dombach's copyrighted works" Id. ¶ 86.  Defendants specifically identify that D&Y is a Delaware corporation with its offices in Connecticut and that it received the copyrighted works in Connecticut when Mr. Dombach"was affiliated with TES." Id. at ¶ 6.  If this is true, according to D&Y, the misuse of copyrights does not arise from acts conducted by D&Y in Pennsylvania that grant jurisdiction under the Pennsylvania long-arm statutes.  Mem. Law in Supp. Mot. to Dismiss at 8-9.

Mr. Powell is a citizen of the State of Connecticut. Am. Joinder Compl., ¶ 4. He was not present in Pennsylvania when service of the Amended Joinder Complaint was made, nor has he any domicile in Pennsylvania, nor has he consented to service, therefore, he contends that jurisdiction is improper pursuant to 42 Pa. C.S.A. § 5301. Mem. Law in Supp. Mot. to Dismiss at 9 (citing Ex. B, ¶¶ 8, 10, 11.) Mr. Powell, individually, states that he does not conduct business in Pennsylvania, he does not supply services in Pennsylvania, he has not committed a harm in Pennsylvania, he does not have an interest in any real property in Pennsylvania, he has not been issued any licenses, permits, registrations or other governmental documents issued by any governing authority in Pennsylvania, and he does not meet any of the other requirements of 42 Pa. C.S.A. § 5322. Id. (citing id. at ¶¶ 9, 12, 13.)

In the Motion to Dismiss, Mr. Powell asserts that he has never contracted with or employed Mr. Dombach. Id. (citing id. at ¶¶ 14-15.) Rather, Mr. Powell claims that all of his dealings with Mr. Dombach were conducted in his capacity as CEO and Managing Member of the business coaching franchise companies owned by Mr. Powell and the Franchisor Plaintiffs, in the offices of the Franchisor Plaintiffs in Southbury, Connecticut. Id. (citing id. at ¶ 6.) Mr. Powell contends that he did not, as an individual, conduct any activities in Pennsylvania. Id. Mr. Powell acknowledges that he has traveled to Pennsylvania in his capacity as CEO and Managing Member of the Franchisor Plaintiffs for the sole purpose of representing the Franchisor Plaintiffs in hearings before the Court. Id. at 9-10. Mr. Powell further contends that if this Court finds that his involvement as a representative of the Franchisor Plaintiffs in the matters before the Court create the requisite contact with Pennsylvania under the long-arm statute, we cannot find that jurisdiction is proper because none of the claims against Mr. Powell, individually, arise from the

11

acts enumerated in subsection (a) of 42 Pa. C.S.A. § 5322. Id. at 10.

Mr. Dombach requests jurisdictional discovery to sustain his burden in establishing personal jurisdiction. Mem. Law in Opp'n Mot. to Dismiss, pp. 23-26. Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, the Third Circuit instructs that courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous. Atl. Pier Assocs., 647 F. Supp.2d at 485 (citing Toys "R" Us, Inc. v. Step Two, S.A., 318 F.3d 446, 456 (3d Cir. 2003)(citing Mass. Sch. of Law at Andover, Inc. v. Am. Bar Ass'n, 107 F.3d 1026, 1042 (3d Cir. 1997))). "If a plaintiff presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between [the party] and the forum state,' plaintiff's right to conduct jurisdictional discovery should be sustained." Id. (quoting Mellon Bank, 960 F.2d at 1223 and Toys "R" Us, Inc., 318 F.3d at 456).

Here, Mr. Dombach alleges that his claims against D&Y and Mr. Powell are not frivolous. Mem. Law in Opp'n Mot. to Dismiss at 24. He contends that during his employment with TES, he relied upon and used his copyrighted work for the benefit of D&Y, including training and providing his copyrighted works to the Franchisor Plaintiffs and to D&Y's Executive Team including Frank Spano and Karen Powell, Regional Developer Franchisees, Territory Director Franchisees and DecorDesigner Unit Franchisees. Id. (citing Dombach Decl., ¶ 23.) Following his resignation from TES, Mr. Dombach was informed by counsel that FSBI would continue to use the work product developed, created and implemented by Mr. Dombach when he was a TES employee. Id. (citing Ex. J.) Mr. Dombach asserts that this letter supports his contention that D&Y is reproducing and distributing his copyrighted works. Id. (citing

12

Dombach Decl., ¶ 27.)

Mr. Dombach also contends that to induce him to join TES as an employee, Mr. Powell, individually and on behalf of FSBI and TES, made certain promises to address Mr. Dombach's concerns about leaving his own companies to join TES and Mr. Powell signed an employment agreement on behalf of a non-existent legal entity, FSBI. Id. (citing id. at ¶ 12.) Once Mr. Dombach joined TES as an employee, TES and Mr. Powell allegedly breached the employment agreement and failed to deliver on the promises made to Mr. Dombach. Id. (citing id. at ¶ 19.) Mr. Dombach also alleges that he has presented facts suggesting "with reasonable particularity" the possible existence of the requisite contacts between D&Y and Mr. Powell and Pennsylvania, including (1) negotiations over the terms and conditions of Mr. Dombach's employment with Mr. Powell and TES, which occurred in substantial part through emails and telephone calls Mr. Powell directed to Mr. Dombach in Pennsylvania; (2) the performance of Mr. Dombach's alleged employment agreement was to occur in Pennsylvania; (3) Mr. Powell's alleged breach of the alleged employment agreement and Mr. Dombach's alleged resultant injury occurred in Pennsylvania; (4) D&Y's requests for training on Mr. Dombach's copyrighted works occurred, in substantial part, through emails and telephone calls D&Y employees directed to Mr. Dombach in Pennsylvania; and (5) D&Y allegedly directed its inquiry about CSC's services to Mr. Dombach in Pennsylvania. Id. at 25.

In addition, Mr. Dombach argues that jurisdictional discovery will clarify and expand the current record regarding D&Y's contacts specific to its alleged infringement of Dombach's copyrighted works and the purported employment agreement in dispute, including the place and character of prior negotiations, contemplated future consequences, and the course

of dealings between the parties.  Id.  Jurisdictional discovery will also explore the other contacts of FSBI, Mr. Powell and D&Y with Pennsylvania including ongoing contacts with franchisees operating in the state.  Id.

Based upon these factual allegations and the alleged existence of documentation supporting such allegations, Mr. Dombach has alleged "with reasonable particularity" the possible existence of requisite contacts between D&Y and Mr. Powell and the Commonwealth of Pennsylvania.  Thus, Mr. Dombach is entitled to jurisdictional discovery before the Court makes its final determination as to whether it can exercise jurisdiction over D&Y and Mr. Powell individually.  "Where personal jurisdiction is at issue, the court 'is powerless' to adjudicate on the merits."  Atl. Pier Assocs., 647 F. Supp.2d at 485 (quoting Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 584 (1999)(noting personal jurisdiction is "an essential element of the jurisdiction of a district . . . court, without which the court is powerless to proceed to adjudication.")(quoting Emp'rs Reinsurance Corp. v. Bryant, 299 U.S. 374, 382 (1937))).  Before personal jurisdiction is established over D&Y and Mr. Powell, the Court declines to proceed to the merits to determine, as to these Joinder Complaint Defendants, whether the copyright infringement, breach of contract, breach of the Pennsylvania Wage Payment and Collection Law and promissory estoppel alleged by Mr. Dombach can withstand the motion to dismiss.

**IV.    CONCLUSION.**

For all of the foregoing reasons, the Motion to Dismiss will be denied without prejudice. Mr. Dombach will be afforded the opportunity to conduct jurisdictional discovery to establish the Court's jurisdiction over D&Y and Mr. Powell.  Before resolution of the Court's jurisdiction over D&Y and Mr. Powell, the Court declines to determine, as to these Joinder

Complaint Defendants, whether Mr. Dombach has stated claims for copyright infringement against D&Y, breach of contract, breach of Pennsylvania Wage Payment and Collections Law and promissory estoppel against Mr. Powell.

  An appropriate Order follows.